UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMI S. VOGELSANG, | Case No. 8:17-cv-01921-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jami S. Vogelsang ("Plaintiff") filed a Complaint on October 31, 2017, seeking review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on July 11, 2018. The matter now is ready for decision.

## I.

## BACKGROUND

Plaintiff filed her application for DIB on May 14, 2013, alleging disability on March 31, 2012. Administrative Record ("AR") 152-53. After her

application was denied initially (AR 71) and on reconsideration (AR 104-08), Plaintiff requested an administrative hearing (AR 111-12), which was held on November 24, 2015. AR 38, 40. Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert. AR 38-69.

On March 14, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 21-32. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date and suffered from the following severe impairments: history of left thoracoscopic resection of apical mass with residual brachial plexopathy of the left upper extremity; migraines; hypothyroidism; obesity; and depression. AR 23. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 23-24. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: Plaintiff could (1) lift and carry 10 pounds frequently, and 20 pounds occasionally, while being able to push and pull within those weight restrictions, except that she was limited to occasional pushing and pulling with her left upper extremity; (2) occasionally handle and finger with her non-dominate left upper extremity; (3) not be exposed to direct sunlight; and (4) occasionally be exposed to temperature extremes, excessive noise, environmental irritants, hazardous machinery, and unprotected heights. AR 25. The ALJ also found she was limited to unskilled work with no fast-paced production requirements while being able to deal with the public. Id. The ALJ further found Plaintiff was incapable of performing her past relevant work as a claims examiner and pharmacy technician. AR 30. However, the ALJ found, considering Plaintiff's age as a "younger individual," her education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 31-32. Accordingly, the

ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act. AR 32.

On September 1, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7.

## III.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is

"generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Tackett, 180 F.3d at 1099.

The claimant generally bears the burden at each of steps one through four to show that he is disabled, or that he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show that he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## IV.
## DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

Issue No. 1: Whether the ALJ properly determined that Plaintiff's migraines do not equal a listing; and

Issue No. 2: Whether the ALJ properly considered Plaintiff's subjective statements about her limitations.

**A.     Listing**

Plaintiff argues the ALJ erred by determining that Plaintiff's migraine headaches do not meet Listing 11.03, which pertains to non-convulsive (petite

5

mal) seizures, "because an ALJ is not a medical expert and he is not qualified to make the medical call on whether the claimant equals a listed impairment." Jt. Stip. at 5. She contends the ALJ's analysis is faulty because, by discussing Listing 11.03, the ALJ should have also evaluated whether Plaintiff met Listing 11.02, which pertains to grand mal seizures. Jt. Stip. at 6-7.

**1. Applicable Law**

At the Step Three, ALJs determine if an impairment or combination of impairments "meets or equals" an impairment listed in 20 C.F.R. Part 404, subpart P, appendix 1 ("the Listings"). 20 C.F.R. §§ 404.1525(a), 404.1526, 416.925(a), 416.926. The Listings describe impairments that would prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. An impairment meets a Listing when all of the medical criteria required are satisfied. Tackett, 180 F.3d at 1099 ("To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim."). If an "impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." Bowen v. Yuckert, 482 U.S. 137, 141 (1987).

Claimants bear the burden of establishing a prima facie case of disability under the Listings. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). "To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to the characteristics of a relevant listed impairment . . . ." Tackett, 180 F.3d at 1099.

**2. Analysis**

Plaintiff contends the ALJ erred by making the listing determination because she is not a medical expert, and by discussing Listing 11.03 but at the same time failing to discuss Listing 11.02.

The ALJ determined Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one

of the listed impairments." AR 24. As part of this finding, the ALJ specifically mentioned that Plaintiff did not meet or equal Listings 9.00, 11.03, 11.14, and 12.04. AR 24-25. Later in the decision, the ALJ discussed Plaintiff's migraine headaches and noted they do not have a specific medical listing, but Listing 11.03 was analogous for considering medical equivalence. AR 28. The ALJ mentioned there are essential components of 11.03 that are analogous to migraines, including the requirement of a documented, detailed description of a typical headache event pattern, and that the migraines should occur more frequently than once weekly despite at least three months of treatment. Id. The ALJ found Plaintiff's condition did not equal the Listing for several reasons, including that Plaintiff did not have migraine events or episodes occurring more than once weekly that lasted for a continuous 12-month period. Id. See also 20 C.F.R. § 404.1520(d) (explaining that, before considering the listings, claimant's impairment must meet the duration requirement).

      Plaintiff seems to contend that, because the ALJ determined that Listing 11.03 was "worthy of a detailed analysis," she erred by not also discussing Listing 11.02. See Jt. Stip. at 8. But, she acknowledges "a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." Jt. Stip. at 6; see also Jt. Stip. at 8 ("If the ALJ had remained silent on the equaling issue his [sic] decision may have passed muster."); Jt. Stip. at 18 ("if the ALJ had simply stated that [Plaintiff] did not equal the listing this likely would have been sufficient"). Plaintiff points to no authority supporting the proposition that, simply because the ALJ performed a detailed analysis of one listing, which she was not required to perform, an obligation then arose to discuss another listing.

      Moreover, "[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish

7

equivalence." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). Plaintiff does not dispute Defendant's observation that Plaintiff failed to present argument or evidence "to establish equivalence" during the proceedings before the ALJ. Jt. Stip. at 18. Under such circumstances, "the ALJ did not need to explain [the] conclusion." See Pruitt v. Comm'r Soc. Sec., 612 F. App'x 891, 894 (9th Cir. 2015) (finding that, because claimant "failed to present a theory to the ALJ as to how her combined impairments meet or equal [a listing]," the ALJ was not required to explain his conclusion); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (stating that it is unnecessary for the ALJ to explain why a claimant failed to satisfy every section of the Listing of impairments). Because Plaintiff did not present evidence at the administrative level that her impairments equaled listing 11.02, the ALJ did not err by not identifying specific evidence to support her conclusion at Step Three.

Notably, Plaintiff also did not attempt to show she met or equaled listing 11.02 before the Appeals Council. In fact, she stated she "does not argue that she equals a listing" (AR 244), and instead challenged the ALJ's Step Five and credibility determinations. AR 244-45. Even here, Plaintiff fails to show she equals the listing, failing to establish present medical findings equal in severity to every criteria for the listing.[1] See Kennedy v. Colvin, 738 F.3d 1172, 1176

---

[1] To satisfy Listing 11.02, Plaintiff had to show she met the following criteria:
> convulsive epilepsy (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment [,][w]ith [one of the following]: [d]aytime episodes (loss of consciousness and convulsive seizures) or nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

20 C.F.R. Part 404, Subpart P, Appendix 1. Listing 11.02 also requires "[a]t least one detailed description of a typical seizure," including "the presence or absence of aura, tongue bites, sphincter control, injuries associated with the attack, and postictal phenomena." 20 C.F.R. Part 404, Subpt. P, App. 1, Listing 11.00(A) (12/15/04 to 09/28/16). A reporting physician "should indicate the extent to which description of

8

(9th Cir. 2014) ("Listed impairments are purposefully set at a high level of severity because the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary."). Rather, Plaintiff appears to ask the Court to find structural error requiring automatic remand simply because the ALJ did not discuss Listing 11.02. See, e.g., Jt. Stip. at 9 (arguing the Court "should remand this case with directions to the ALJ to fully and fairly develop the record by either calling a medical expert to testify regarding the equaling of the listing or to send out interrogatories to a medical expert so that she can make an informed determination"). Plaintiff fails to show prejudice. See Molina, 674 F.3d at 1115; Cruz v. Berryhill, 2018 WL 1709499, at *3 (W.D. Wash. Apr. 9, 2018) ("Even if the ALJ did err in failing to explain why Plaintiff did not satisfy any of the listings in Section 11.00, Plaintiff has not shown that he actually does meet or equal any of the listings described in Section 11.00, and therefore has failed to show how he was prejudiced by the ALJ's failure to specifically address the requirements of those listings.")

Plaintiff has not met her burden of proving error, or that she meets the criteria of Listing 11.02. The Court finds that the ALJ's Step Three finding is supported by substantial evidence.

**B.  Plaintiff's Subjective Symptom Testimony**

In Issue No. 2, Plaintiff argues the ALJ improperly discounted her subjective symptom testimony.

   **1. Applicable Law**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain

---

seizures reflects his own observations and the source of ancillary information." Id. And "if professional observation is not available," then "[t]estimony of persons other than the claimant is essential for description of type and frequency of seizures." Id.; see also Mobbs v. Berryhill, 2017 WL 6759321, at *3-4 (W.D. Wash. Dec. 29, 2017).

or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 416.929. The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Finally, the ALJ's credibility finding may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r Soc. Sec. Admin, 359 F.3d 1190, 1197 (9th Cir. 2004).

**2. Analysis**

During the administrative hearing, Plaintiff testified a mass was found in her chest in late 2011 and she underwent surgeries to have it extracted. AR 43. After the second surgery, she developed severe left hand and arm pain, with a burning, tingling, numbness, and weakness. AR 45-46. She has difficulty picking up small items, like Q-tips or quarters, and she has difficulty gripping, grasping, and typing with her left hand. AR 44-45. She drops things and can carry only about five to ten pounds with her left arm. AR 47, 55. She is right hand dominant, and can still drive, care for herself, vacuum, do laundry, grocery shop, walk her dog, tend to her guinea pigs, and use the computer. AR 47-48, 50, 55. Due to her pain and fatigue, she has problems focusing on things such as reading and watching television, as well as completing tasks. AR 47. Her pain is constant all the way down her left arm to her hand, despite

10

medication. AR 45, 49, 52-53. The heat from taking baths, which she does almost every night, helps, as does acupuncture. AR 50-51. She also has chronic migraines occurring two to three times a month and lasting up to six hours, with sensitivity to light, noise, and smell. AR 53-54, 56-57. However, if she "catch[es]" her migraines early and takes her medication, she can get rid of them. AR 56-57. She is depressed as everything weighs her down. AR 54.

        The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements "concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely credible" for the reasons discussed in the decision. AR 28. The ALJ concluded Plaintiff's testimony about her depression was belied by the objective medical evidence; delayed complaints of symptoms; lack of aggressive treatment; symptom management with medication; and conflict with psychological examinations. AR 27. Regarding her migraines, the ALJ noted Plaintiff has a history of migraines, but found they were well controlled until April 2015; the record did not show she complied with her neurologist's advice to complete a headache diary to identify triggers; and there was no evidence that her migraines occurred more frequently than once a week despite three months of treatment. AR 28. Finally, regarding her left upper extremity, Plaintiff's allegations of a disabling condition conflicted with opinions of State agency medical consultants; her pain symptoms stabilized with medication; the functionality of her left hand improved with physical therapy; and Plaintiff admitted she was still highly functional in her daily activities. AR 29. As explained below, the ALJ provided legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony.

        Preliminarily, the Court notes Plaintiff has challenged only one aspect of the credibility determination: "Specifically, [Plaintiff contends that] the ALJ failed to provide any specific reason to reject [Plaintiff]'s testimony that she

11

suffers from migraines 2-3 times per month that last from 1-3 days." Jt. Stip. at 22; see also Jt. Stip. 35. Plaintiff does not discuss her testimony regarding depression or left upper extremity limitations, or many of the ALJ's reasons for discounting testimony about those symptoms. Because the ALJ was required to provide only one valid reason for this Court to uphold the credibility finding, the Court could treat Plaintiff's failure to address the other reasons as waiver of the credibility determination. See Batson, 359 F.3d at 1196; Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); Williams v. Comm'r, Soc. Sec. Admin., 2018 WL 1709505, at *3 (D. Or. Apr. 9, 2018) ("Because the ALJ is only required to provide a single valid reason for rejecting a claimant's pain complaints, any one of the ALJ's reasons would be sufficient to affirm the overall credibility determination."); Owens v. Colvin, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's finding). However, Court does not do so here, but it will limit its review to Plaintiff's subjective migraine headache complaints, and the reasoning for discounting those complaints.

First, the ALJ discredited the severity of Plaintiff's migraines because they did not lead to significant symptoms until April 2015, which was years into the relevant period. AR 28. "Impairments that can be controlled effectively with medication are not disabling." See Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). The medical record shows that, in November 2011, Plaintiff had migraines, but they had been "well-controlled." AR 340. In April 2012, Dr. Thomas P. DiJulio also noted that Plaintiff had a history of migraines, but that they occurred only "every 4 months or so." AR 306. In March 2015, Plaintiff complained of migraines during a routine check-up with Dr. Robert Moon. AR 647. Dr. Moon noted

12

Plaintiff had "unspecified migraines," "without mention of intractable migraine" and "without mention of status migrainosus."[2] AR 648. Finally, in April 2015, Plaintiff told Dr. Nancy Vu that she had "severe headaches" seven days a month, many accompanied by nausea, blurred vision, poor sleep, and sensitivity to bright lights. AR 629. These records and findings support the ALJ's conclusion. Plaintiff alleged she became disabled in March 2012, but her migraines did not arise as a serious concern until years later, in early 2015. The ALJ properly considered the fact that Plaintiff's migraines were controlled for a good portion of the relevant period. See Warre, 439 F.3d at 1006; Gaus v. Colvin, 2014 WL 5581048, at *3 (D. Ariz. Oct. 31, 2014) (credibility determination supported in part because claimant's seizures were under fair or good control during much of the relevant period).

Second, the ALJ discredited the migraine complaints because Plaintiff did not appear to have followed her neurologist's recommendation to complete a headache diary. See AR 28, 630. In assessing credibility, "the ALJ may consider . . . unexplained or inadequately explained failure . . . to follow a prescribed course of treatment." See Molina, 674 F.3d at 1112; see also Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (same). The record shows Plaintiff was repeatedly advised by her neurologist to complete a headache diary, but there is no indication this was done.[3] AR 625, 627, 630. Accordingly, the ALJ properly relied on Plaintiff's failure to follow this simple

---

[2] An intractable migraine, also called "status migrainosus," "describe[s] a persistent migraine that is either 1) difficult to treat or [2]) fails to respond to standard and/or aggressive treatments." Swartz v. Berryhill, 2018 WL 1311425, at *2 (C.D. Cal. Mar. 13, 2018) (citation omitted).

[3] Such a diary might have also assisted Plaintiff with Issue No. 1. See Needham v. Comm'r Soc. Sec., 2017 WL 4052184, at *11 (D. Or. Aug. 8, 2017) (mentioning claimant's headache diary, along with other medical evidence of record, as evidence she met components of Listing 11.03).

13

treatment recommendation. See Molina, 674 F.3d at 1112; Bunnell, 947 F.2d at 346; Edlin v. Colvin, 2014 WL 5500311, at *5 (E.D. Wash. Oct. 30, 2014) (ALJ properly relied on claimant's lack of compliance with treatment, including failing to maintain a headache diary, in discounting credibility).

Third, and finally, the ALJ noted "[i]t is generally understood that migraine headaches will rarely prevent a person from working for a continuous 12 months[,] but . . . there are exceptions." AR 28. The ALJ then found a lack of objective medical evidence showing Plaintiff's migraines had been severe for the continuous 12-month period, or showing frequency more than once weekly despite at least three months of prescribed treatment. Id. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in [her] credibility analysis." Burch, 400 F.3d at 681; see also Rollins, 261 F.3d at 857. As discussed in Issue No. 1, Plaintiff does not point to objective evidence supporting either deficiency; instead she points to her own subjective complaint testimony and her subjective disability reports. Jt. Stip. at 8, 19, 35-36.

Here, the ALJ carefully identified "which testimony she found not credible, and . . . explained which evidence contradicted that testimony." Brown-Hunter, 806 F.3d at 494 (emphasis in original). The Court finds that ALJ provided sufficiently specific, clear, and convincing reasons for discounting Plaintiff's migraine symptom testimony, specifically, the lack of supporting objective medical evidence, which cannot be the only ground, control of Plaintiff's condition for a substantial part of the relevant period, and failure to follow treatment recommendations , in discounting Plaintiff's subjective symptom testimony. Those grounds, together, are sufficient to affirm the ALJ's decision on the issue.

/ / /

/ / /

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: August 30, 2018

/s/ John D. Early
JOHN D. EARLY
United States Magistrate Judge